```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                              HOUSTON DIVISION


JOSEPH CROWELL,                    §
                                   §
           Plaintiff,              §
                                   §
VS.                                §   CIVIL ACTION H-09-1788
                                   §
RAYMOND L. LAHOOD, Secretary of    §
Transportation,                    §
                                   §
           Defendant.              §
```

**OPINION AND ORDER OF DISMISSAL**

Pending before the Court in the above referenced action, alleging racial discrimination in employment, i.e., pay disparity based on Plaintiff Joseph Crowell's ("Plaintiff's" or "Crowell's") race, identified as black, under Title VII of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 2000e *et seq.*,[1] is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or, alternatively, for summary judgment under Rule 56(c) (instrument #15), filed by Defendant Raymond L. Lahood, Secretary of Transportation.

Defendant argues that this suit should be dismissed for

---

[1] Originally Plaintiff also alleged retaliation under Title VII for filing his grievance, but Defendant states that Crowell has since abandoned that claim. Even if he had not, the analysis here would also result in dismissal of the retaliation claims.
    Counsel for Defendant states that Crowell additionally sued under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, but the Court finds no reference to a claim under that Act in either the Original Complaint (#1) nor in any of the documentary evidence attached to the motion.

failure to exhaust administrative remedies because Plaintiff elected to pursue his pay disparity claim through, but failed to complete, his union's grievance procedure.  Alternatively, Defendant moves for summary judgment because (1) Plaintiff cannot establish a *prima facie* case of race discrimination because he cannot show that he was similarly situated to the two comparators he identifies, Nicholas Garcia ("Garcia") who is Hispanic and Bruce Hinkle ("Hinkle") who is white, who allegedly were hired at higher salaries than Plaintiff; (2) Plaintiff cannot show that FAA's legitimate business explanation for the pay difference is a pretext for discrimination; and (3) there is no evidence that racial discrimination occurred other than Plaintiff's own subjective opinion, which is insufficient as a matter of law.

After Defendant filed its motion to dismiss or for summary judgment on September 22, 2010, the Court granted Plaintiff an extension of time until October 25, 2010 in which to respond.  #17.  Plaintiff has failed to file a response, and Defendant has requested a ruling on the motion.  #19.

Because the Court concludes that this action should be dismissed for failure to exhaust administrative remedies, it lacks subject matter jurisdiction to consider the motion for summary judgment and therefore does not address the law or the facts relevant to it.

**Relevant Law**

**Standard of Review under Fed. R. Civ. P. 12(b)(1)**

Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction. The party asserting that subject matter exists, here the plaintiff, must bear the burden of proof for a 12(b)(1) motion. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002). The court may determine whether subject mater jurisdiction is lacking by any of three approaches: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* at 161.

In resolving a factual attack on subject matter jurisdiction under Rule 12(b)(1), the district court, because it does not address the merits of the suit,[2] has significant authority "'to

---

[2] As the court explained in *Taylor v. Dam*, 244 F. Supp. 2d 747, 753 (S.D. Tex. 2003),

> It is well settled that "a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached." [*Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.). *cert. denied*, 454 U.S. 897 (1981).] "Jurisdictional issues are for the court--not the jury--to decide, whether they hinge on legal or factual determinations. *Id.* To determine whether jurisdiction exists, the court will generally resolve any factual disputes from the pleadings and the affidavits submitted by the parties. *See Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985). The court may also conduct an

weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Robinson v. Paulson*, No. H-06-4083, 2008 WL 4692392, *10 (S.D. Tex. Oct. 22, 2008), *quoting Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997), and *citing Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). A defendant making a factual attack on a complaint may provide supporting affidavits, testimony or other admissible evidence. *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). The plaintiff, to satisfy its burden of proof, may also submit evidence to show by a preponderance of the evidence that subject matter jurisdiction exists. *Id*. The court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Rule 56(c). *Robinson*, 2008 WL 4692392 at *10, *citing Garcia*, 104 F.3ed at 1261.

**Exhaustion of Administrative Remedies**

Title VII prohibits discrimination in the workplace on the basis of "race, color, religion, sex, or national origin . . . ." 43 U.S.C. § 2000e-2. It is the exclusive remedy for race-based and other unlawful employment discrimination claims by federal employees. *Brown v. General Servs. Admin.*, 425 U.S. 820, 835

---

evidentiary hearing and "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Williamson*, 645 F.2d at 413; *see Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511-12 (5th Cir.), *cert. denied*, 449 U.S. 953 . . . (1980).

(1976).

Before federal employees may sue federal agency heads under Title VII, they must exhaust their administrative remedies in a timely and proper manner. 42 U.S.C. § 2000e-16c; *Brown v General Servs. Admin.*, 425 U.S. at 833-34; *Randel v. United States Dept. of Navy*, 157 F.3d 392, 395 (5th Cir. 1998). Exhaustion of remedies requires either (1) that the employee have received notice of final action taken by the agency or by the Equal Employment Opportunity Commission ("EEOC") if there is an appeal from a decision or order of the agency or (2) that at 180 days have passed since the employee filed the administrative complaint without receiving final agency action.[3] *Smith v. Potter*, No. 09-60901, 2010 WL 4009874, *4 (5th Cir. Oct. 13, 2010), *citing* 42 U.S.C. § 2000-16(c). "Exhaustion of administrative remedies is a prerequisite to federal subject matter jurisdiction." *Id., citing Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990).[4]

---

[3] The 180-day waiting period under § 2000e-16(e) is not at issue here.

[4] The Fifth Circuit has recognized that it has issued conflicting decisions as to whether the exhaustion-of-remedies requirement is jurisdictional or is a precondition to filing a suit in federal court, like a statute of limitations, subject to equitable tolling, waiver and/or estoppel. *See discussion in Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 851-52 (S.D. Tex. 2010); *Pachego v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006), *cert. denied*, 549 U.S. 888 (2006); *Vidal v. Chertoff*, 293 Fed. Appx. 325, 328 n.1 (5th Cir. 2008). Crowell has not presented any grounds for an equitable exception here.

The Fifth Circuit does require that federal employees who commence administrative proceedings must complete them before filing suit.  *Smith v. Potter*, 2010 WL 4009874 at *3, *citing* Tolbert, 916 F.2d at 247; *Robinson*, 2008 WL 4692392 at *11, *citing* *Brown*, 854 F.2d at 78, and *Porter v. Adams*, 639 F.3d 273, 276 (5th Cir. 1981).

The employee may not file a lawsuit before or after the statutorily allotted time.  42 U.S.C. § 2000e-16(c); *Tolbert,* 916 F.2d 245, 247-48 (5th Cir. 1990).  If the employee prematurely files suit in federal court before final agency action, the issuance of a final decision by the agency, before the court dismisses the lawsuit, will not cure the jurisdictional defect.  *Smith v. Potter*, 2010 WL 4009874 at *5, *citing Tolbert*, 916 F.2d at 249.

**Defendant's Motion to dismiss under Rule 12(b)(1) (#15)**

Plaintiff was hired by the Federal Aviation Administration ("FAA") as an Airway Transportation Systems Specialist ("ATSS") in 2001.  Defendant points out that to pursue a discrimination claim an ATSS employee must choose to either file a grievance through his union representative or go through the EEOC process, but not both. Section 4 of the July 2, 2000 Agreement (Ex. S to #15), governing the relations between the Professional Airways Systems Specialists and the FAA,

>   In matters relating to 5 U.S.C. 2301(b)(1)[5] dealing with certain discriminatory practices, an aggrieved employee shall have the option of utilizing this grievance procedure or any other procedure available in law or regulation, but not both.

*Id.,* Ex. S at 10.[6]  Crowell first chose to pursue his grievance

---

[5] Section 2302(b)(1), addressing "prohibited personnel practices," including pay decisions (§ 2302(a)(ix)), states in relevant part,

>   (b) Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority
>
>>     (1) discriminate for or against any employee or applicant for employment--
>>
>>>       (A) on the basis of race, color, religion, sex, or national origin, as prohibited under section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16); . . . .

[6] The Court notes that this provision allowing a federal employee asserting employment discrimination to choose between the statutory remedy and a negotiated grievance procedure through the union pursuant to a collective bargaining agreement is in accord with an EEOC rule, 29 C.F.R. § 1614.301, titled "Relationship to negotiated procedure:

>   When a person is employed by an agency subject to 5 U.S.C. § 7121(d) [union members subject to collective bargaining agreement] and is covered by a collective bargaining agreement that permits allegations of discrimination to be raised in a negotiated grievance procedure, a person wishing to file a complaint or a grievance on a matter of alleged employment discrimination must elect to raise the matter under either part 1614 or the negotiated grievance procedure, but not both. . . . An aggrieved employee who files a complaint under this part may not thereafter file a grievance on the same matter. . . . Any such complaint filed after a grievance has been filed on the same matter shall be dismissed without prejudice. . . .

through his union representative in a negotiated grievance procedure.

With documentary evidence Defendant explains that according to the two-step procedure for exhaustion of claims (Ex. S at 10-15) through the union representative, an employee must first file a written grievance with his immediate supervisor within twenty-one days of discovering the alleged discriminatory event. The supervisor then has fifteen days to respond in writing. Ex. U at ¶¶ 3-4, Declaration of Connie Dowdy. If the employee is not satisfied with the supervisor's response, as step two he must submit the grievance to the manager of the employee's sector within twenty-one days of receiving the supervisor's response. *Id.* A decision must be delivered to the employee and the union within thirty days of his filing of the Step 2 grievance. *Id.*

Defendant shows that with the help of Crowell's Professional Airways Systems Specialists union representative, Billy Venglar,[7]

---

One reason for allowing election of the separate procedures lies in the fact that in a negotiated grievance procedure the union is concerned about the collective rights of all of its members (and the collective bargaining agreement controls the procedure) whereas the employee that chooses to pursue the statutory remedy can assert an individual right that may conflict with the rights of the union members as a whole. *See, e.g.,* Major Timothy J. Tuttle, *Three's a Crowd: Why Mandating Union Representation at Mediation of Federal Employees' Discrimination Complaints is Illegal and Contrary to Legislative Intent*, 62 Air Force Law Rev. 127, 185 (2008).

[7] Although Crowell states that he did not pay his union dues, any employee holding the job title of ATSS was permitted to seek assistance from union representatives whether or not he paid the dues. Ex. C at ¶ 13, Declaration of Dixon; Ex. A at 45, Deposition

on June 3, 2008 Crowell filed his step 1 grievance with the FAA regarding his starting salary when he was hired in 2001. On June 18, 2008, Eululia Trahan, the Acting Manager for Hobby Airport where Plaintiff worked, denied his claim and stated that Crowell had failed to comply with the time requirements for filing a grievance and that the letter initially offering him a position stated the amount of his salary and he could have objected then, but instead he accepted the position. Ex. T, June 18 2008 Memorandum from Eulalia Trahan to Joseph Crowell. Crowell did not pursue his grievance beyond step one. Ex. U at ¶5, Declaration of Connie Dowdy.

Instead, in violation of the election requirement, Crowell filed a complaint with the EEOC approximately six months later, on January 22, 2009. On March 5, 2009 the EEOC (1) denied his claim because it was untimely filed and (2) dismissed his complaint under 29 C.F.R. § 1614.107(a)(4) because he had previously pursued the same claim through a negotiated grievance procedure on June 3, 2008. Ex. V, March 5, 2009 EEOC Determination.

As noted Plaintiff has not responded to Defendant's motion and there is no evidence in the record controverting that provided by Defendant showing that Crowell made his election and is bound by the result. In an almost identical case procedurally, the Fifth Circuit affirmed a district court's ruling that it lacked subject

---

of Crowell.

matter jurisdiction because the federal employee was bound by his election in filing a CBA grievance and failed to exhaust administrative remedies, including an appeal the adverse decision by the agency. *Linthecome v. O'Neill*, 45 Fed. Appx. 323 (5th Cir. June 27, 2002), *affirming,* 266 F. Supp. 2d 514 (N.D. Tex. 2001).

Accordingly, the Court

ORDERS that Defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction because Plaintiff failed to exhaust administrative remedies is GRANTED.

**SIGNED** at Houston, Texas, this 18th day of January, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE